# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>PEDRO DELATORRE,<br>Defendant. | Case No. CR12-3020<br>ORDER FOR PRETRIAL DETENTION |

On the 5th day of June 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Patrick J. Reinert. The Defendant appeared personally and was represented by his attorney, JoAnne Lilledahl.

## I. RELEVANT FACTS AND PROCEEDINGS

On May 23, 2012, Defendant Pedro Delatorre was charged by Indictment (docket number 2) with possession with intent to distribute methamphetamine by a felon (Count 1), distribution of methamphetamine by a felon (Count 2), and possession of a firearm in furtherance of drug trafficking crime (Count 3). At the arraignment on May 30, 2012, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on July 30, 2012.

At the hearing, Clear Lake Police Officer Ryan Eskildsen testified regarding the circumstances underlying the instant charge.[1] In early May 2012, law enforcement investigated an individual who reported that he sold marijuana to Defendant for distribution. Law enforcement executed a search warrant on this individual's residence and found a small amount of methamphetamine in the residence. The individual told law

---

[1] Eskildsen is assigned to the North Central Iowa Narcotics Task Force.

1

enforcement that Defendant gave him the methamphetamine as a sample. The individual agreed to be a confidential informant ("CI") and sell marijuana to Defendant as part of a controlled drug transaction.

On May 11, 2012, the CI contacted Defendant by text message and agreed to sell Defendant one-quarter pound of marijuana for $1,400. The CI met with Defendant and sold him the marijuana in exchange for $1,400 in cash and a small amount of methamphetamine. Shortly after leaving the scene of the controlled drug transaction, Defendant was stopped by law enforcement, and was arrested.

Later, on that same day, a search warrant was executed on Defendant's residence. Law enforcement found 80 grams of methamphetamine, 20 grams of cocaine, and 1 pound of marijuana. Law enforcement also found a loaded 9mm handgun. In a post-*Miranda* interview with law enforcement, Defendant admitted ownership of the drugs and firearm. Defendant also admitted selling methamphetamine and cocaine. He told law enforcement that he acquired the handgun for protection.

According to the pretrial services report, Defendant is 30 years old. He was born in Houston, Texas. His parents and ten siblings continue to live in Houston. Defendant moved to Iowa about 8 years ago. He has never been married, but has been in a relationship with Jessica Johnson for the past 10 years. They have two children together. Defendant has lived with Johnson and their children at the same residence in Goldfield, Iowa, for the past 5 years. Johnson told the pretrial services officer that she is uncertain whether her relationship with Defendant will continue, and stated that if he were released, he would need to find new living arrangements because he was no long welcome to live with her and their children.

Defendant has been employed at Centrum Valley Farms in Galt, Iowa, since he moved to Iowa 8 years ago. The owner of Centrum Valley Farms told the pretrial services officer that if Defendant was released, he could continue to work for him, and he could live with his uncle in Rowan, Iowa.

Defendant is in good physical health and reports no present or past mental or emotional health concerns. Defendant told the pretrial services officer that he regularly consumes three beers after work. He also stated that he smoked marijuana as a teenager, but quit for several years. About four years ago, he started smoking "two bowls" or "ten hits" of marijuana on a daily basis. Defendant further stated that he used cocaine as a teenager, but has only used it periodically as an adult. He reported his last use was about 1 year ago. Lastly, Defendant stated that he started using methamphetamine several times per week about six months ago.

Defendant has a limited prior criminal record. In April 2002, Defendant was charged with possession of a controlled substance in Texas. Defendant was given a deferred adjudication and 3 years' probation. In August 2002, a motion to revoke Defendant's deferred adjudication was filed due to Defendant's failure to report to probation. In November 2002, Defendant's deferred adjudication was revoked, and Defendant was convicted on the possession charge. He was sentenced to 8 months in jail. On May 11, 2012, Defendant was charged in state court with multiple drug possession counts stemming from the same incident underlying the federal charges. Upon the filing of the federal charges, all of the state charges were dismissed.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk

factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or

alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with possession with intent to distribute methamphetamine by a felon, distribution of methamphetamine by a felon, and possession of a firearm in furtherance of drug trafficking crime. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to §§ 3142(f)(1)(C) and 3142(f)(1)(E).

Regarding the second step, pursuant to §§ 3142(e)(3)(A) and 3142(e)(3)(B), there is a rebuttable presumption in favor of detention. The weight of the evidence against

Defendant is strong. Defendant was involved in a controlled purchase of marijuana from a CI. As payment for the marijuana Defendant gave the CI $1,400 in cash and a small amount of methamphetamine. In a search of Defendant's residence following the controlled drug transaction, law enforcement found methamphetamine, cocaine, and marijuana in amounts consistent with distribution. Law enforcement also found a loaded 9mm handgun. Defendant admitted to law enforcement that the drugs and firearm belonged to him. He also admitted selling methamphetamine and cocaine.

As a general proposition, the combination of the distribution of drugs and possession of a firearm in furtherance of the distribution of drugs, constitutes a general danger to the community. Defendant admits trafficking drugs and possessing a firearm. Defendant is also an active drug user. He consumes alcohol and smokes marijuana on a daily basis, and uses methamphetamine multiple times on a weekly basis. The charges against Defendant are serious and the evidence against him is strong. If convicted of these charges, Defendant faces a minimum of 15 years in prison. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Accordingly, there is no condition or combination of conditions that would assure Defendant's appearance for court proceedings, or assure the safety of the community if Defendant is released. Therefore, based on the serious nature and circumstances of the offense, the strong evidence against him, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained

prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (May 30, 2012) to the filing of this Ruling (June 5, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 5th day of June, 2012.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA